Diane KEHL, Plaintiff-Respondent,†

v.

ECONOMY FIRE & CASUALTY COMPANY, a
foreign corporation, and Jayne M. Milkie,
Defendants-Appellants,

BLUE CROSS & BLUE SHIELD UNITED OF
WISCONSIN, a domestic corporation,
Defendant.

Court of Appeals

*No. 88–0144. Submitted on briefs September 6, 1988.—Decided
November 14, 1988.*

(Also reported in 433 N.W.2d 279.)

† Petition to review denied. BABLITCH, J., took no part.

For defendants-appellants the cause was submitted on the briefs of *Capwell, Berthelsen, Nolden, Casanova, Pitts & Kallenbach, Ltd.,* by *David J. Nolden* and *Rose M. Goeb* of Racine.

For plaintiff-respondent the cause was submitted on the briefs of *O'Connor & Willems, S.C.,* by *Robert I. DuMez* of Milwaukee.

Before Moser, P.J., Sullivan and Fine, JJ.

FINE, J. Economy Fire & Casualty Company and its insured, Jayne M. Milkie, appeal from a judgment entered on a jury verdict awarding punitive damages. The specific question presented by this appeal is one of first impression in this state: Can punitive damages be awarded for conduct that, though related to the transaction underlying a plaintiff's recovery for actual damages, did not cause or contribute to the plaintiff's loss. Logic and analogous precedent persuade us that the answer must be "no."

## I.

The facts in this case are not in dispute and the parties have filed an agreed statement in lieu of the record under Rule 809.15(5), Stats.

Automobiles driven by Diane Kehl and Milkie collided. As a result of the collision, Kehl suffered personal injuries, wage loss, and medical expenses. Milkie, who was 17 at the time, did not remain at the scene but, in the words of the parties' statement, "claimed to be frightened by the collision [and] immediately drove away." The parties have agreed that Kehl's damages "were not caused by or aggravated by any conduct of Jayne M. Milkie following the collision, including Milkie's fleeing the scene." The jury found that Milkie's conduct in leaving the accident scene was "wilful, wanton or in reckless disregard" of Kehl's rights and awarded Kehl $7,000 in punitive damages.

Economy Fire and Milkie do not challenge the jury's assessment of her post-accident conduct or the amount of the punitive damages award. Rather, they limit their appeal to the issue of whether punitive damages may be awarded at all.

A. The law permits an award of punitive damages to punish a defendant's conduct and to deter others. *Tucker v. Marcus,* 142 Wis. 2d 425, 436–37, 418 N.W.2d 818, 822 (1988). Punitive damages are only permissible if the defendant's actions are the type that can be categorized as "outrageous." *Wangen v. Ford Motor Co.,* 97 Wis. 2d 260, 267–71, 294 N.W.2d 437, 442–44 (1980). Punitive damages may not, however, be awarded *in vacuo.* Juries are not given license to roam the caverns of their consciences to punish conduct they deem despicable unless a plaintiff can prove that he or she has suffered some actual damage as a result of the conduct. Stated another way, "without damage or injury, culpable conduct does not give rise to a cause of action." *Wussow v. Commercial Mechanisms, Inc.,* 97 Wis. 2d 136, 150, 293 N.W.2d 897, 904 (1980).[1]

The requirement that there be some actual damage is the "general and perhaps almost universally accepted rule." *Tucker,* 142 Wis. 2d at 438–39, 418 N.W.2d at 823. Indeed, *Tucker* recognizes that "[i]t is not enough that actual damages may have been 'suffered' or 'sustained' in order for punitive damages to be awarded" but that an " 'award' of actual damages" is also necessary. *Id.* at 439, 418 N.W.2d at 823. Thus, *Tucker* vacated an award of punitive damages, even though there was a significant loss, because the plaintiff's recovery of compensatory damages was barred by the comparative negligence statute, sec.

[1]Although *Wussow* left open the question of "whether or not there could by a remedy of punitive damages where no compensatory damages have been suffered or sustained," *Wussow,* 97 Wis. 2d at 151, 293 N.W.2d at 905, *Tucker,* answering "no," has put this point to rest. *Tucker,* 142 Wis. 2d at 440–41, 418 N.W.2d at 823–24.

895.045, Stats. Here, Kehl recovered actual damages as compensation for her injuries and losses caused by the collision. We must consider whether this suffices to permit recovery of punitive damages for the fleeing.

B.   Our civil justice system provides redress for legally cognizable claims. To recover in tort, a plaintiff must prove four elements. First, there must be a duty of care owed by the defendant to the plaintiff. Second, the defendant must have breached that duty. Third, there must be a causal connection between the conduct and any injury. Fourth, there must be actual damage. *Ollerman v. O'Rourke Co.,* 94 Wis. 2d 17, 46, 288 N.W.2d 95, 109 (1980). Failure of any of these elements is fatal to the claim.

As the parties here recognize, Kehl had a legally assertable claim against Milkie (and against her insurer Economy Fire by virtue of Rule 803.04(2), Stats., and sec. 632.24, Stats.) as a result of the collision. First, Milkie owed Kehl a duty to exercise ordinary care while driving. Second, she breached that duty. Third, the collision and Kehl's resulting injuries and losses were caused by Milkie's breach. Fourth, Kehl sustained actual damage. Thus Kehl recovered for Milkie's tort of negligent driving and that recovery is not challenged on this appeal. The collision, however, resulted from negligence and was distinct from the fleeing, which was a separate volitional act. The fleeing thus had the potential to spawn a separate claim had it aggravated Kehl's injuries or caused new harm. *See Robinson v. Mount Sinai Medical Center,* 137 Wis. 2d 1, 22, 402 N.W.2d 711, 719 (1987) (in determining whether there are separate causes of action, court must determine whether lay person would view a "grouping of

535

facts" as single or multiple occurrences). *See also Karl v. C. A. Reed Lumber Co.*, 79 Cal. Rptr. 852, 853 (Cal. Ct. App. 1969) (fleeing scene of accident "may constitute an independant wrong irrespective of any legal responsibility for the original injury"). Since the decision to flee here was separate from the negligence causing the collision, Kehl's right to recover punitive damages as a result of the fleeing must be analyzed independently.

Section 346.67, Stats., imposes a number of duties on persons involved in automobile accidents.[2] Violation of that statute is a felony if the accident involves injury or death. Sec. 346.74(5)(e), Stats. Assuming, without deciding, that Milkie owed a duty to Kehl (as opposed to the general public interest) to remain at the scene and fulfill her responsibilities under sec. 346.67, and that a breach of that duty would support a

[2]**346.67 Duty upon striking person or attended or occupied vehicle.** (1) The operator of any vehicle involved in an accident resulting in injury to or death of any person or in damage to a vehicle which is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the following requirements:

(a) He shall give his name, address and the registration number of the vehicle he is driving to the person struck or to the operator or occupant of or person attending any vehicle collided with; and

(b) He shall, upon request and if available, exhibit his operator's license to the person struck or to the operator or occupant of or person attending any vehicle collided with; and

(c) He shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person.

claim for damages caused by the breach, the parties have agreed that Kehl has not been damaged as a result of the fleeing. Therefore, the fourth element necessary to a recovery in tort, actual damages caused by the breach of a legal duty, is not present. Accordingly, Kehl may not assert a tort claim against Milkie and Economy Fire for Milkie's decision not to remain at the accident scene. Since Kehl cannot recover compensatory damages against Milkie for leaving the accident scene, punitive damages may not be awarded for that conduct. *Tucker,* 142 Wis. 2d at 439, 418 N.W.2d at 823. *See also Hanson v. Valdivia,* 51 Wis. 2d 466, 474, 187 N.W.2d 151, 155–56 (1971) (an estate may not recover punitive damages where estate could not assert claim for compensatory damages); *Bachand v. Connecticut Gen. Life Ins. Co.,* 101 Wis. 2d 617, 305 N.W.2d 149 (Ct. App. 1981) (discharged employee may not recover punitive damages because Fair Employment Act precluded court from awarding compensatory damages for emotional distress); *Traylor v. Wachter,* 607 P.2d 1094, 1098 (Kan. 1980) (actual damages recoverable under one cause of action will not support punitive damages under another, factually distinct, cause of action); and *People v. Corners,* 221 Cal. Rptr. 387 (Cal. Ct. App. 1985) (trial court properly refused to order restitution for injuries victim received in automobile accident when defendant's fleeing scene did not cause or aggravate victim's injuries.)[3] The judg-

[3]Kehl argues that the punitive damage award should be upheld because Milkie is "deserving of punishment." The legislature has established penalties for the violation of sec. 346.67, Stats. *See* sec. 346.74, Stats. Though Milkie was 17 at the time of the accident, she could have been prosecuted under the Children's Code if that were deemed appropriate by the district attorney, secs. 48.17(1), 48.12, 48.02(3m), Stats., or waived to adult court if

ment of the trial court awarding punitive damages is reversed.

*By the Court.*—Judgment reversed in part.

the criteria established by sec. 48.18, Stats., were met. If an exception to the general rule limiting the recovery of punitive damages to claims where compensatory damages are awarded is to be created it should be done by the legislature and not by the courts.