**Debra Sue CALLIES, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**No. 00–CV–0708–PHX–PGR.**

United States District Court,
D. Arizona.

Jan. 28, 2002.

Norris L. Ganson, Law Offices of Norris L. Ganson, Tucson, AZ, for Plaintiffs.

Edmund D. Kahn, Law Offices of Edmund D. Kahn, Tucson, AZ, for Dolores C. Fraijo.

R. Scott Clarke, Christopher R. Zaetta, U.S. Dept. of Justice, Washington, DC, for Defendant.

## ORDER

ROSENBLATT, District Judge.

This is an action seeking recovery of damages related to the wrongful disclosure of information by the Internal Revenue Service (IRS). Pending before this Court are: (1) the IRS's Motion for Summary Judgment (**Doc. 118**) and (2) plaintiffs' Motion for Summary Judgment (**Doc. 121**).

*Background*

During the month of September, 1999, Mr. Wewee, a Certified Public Accountant in Tucson, Arizona, began to submit requests to the IRS for transcripts of tax return information related to his clients. Mr. Wewee had proper authorization from his clients to request the information and wished to receive it to prevent any problems which might have resulted from "Y2K" computer failures at the IRS.

In response to Mr. Wewee's request for tax return transcripts relating to approximately 33 of his clients, the IRS provided printouts of transcripts to him containing tax return information related to those 33 clients as well as tax return information related to persons who are not (and were not) his clients. Mr. Wewee had no authority to receive tax return transcripts for individuals who were not his clients and, in some cases, only had limited authority to receive specific transcripts related to specified tax years' returns of his clients.

During the period from October 12, 1999 through February 2, 2000, Mr. Wewee received transcripts which he was not authorized to receive which related to 1,391 individuals and encompassed 2,862 tax years.

Representative plaintiffs are individuals who did not provide authority for Mr. Wewee to request or receive their tax return transcripts from the IRS, but whose tax return transcripts were nevertheless provided without request. There

are 1,391 individuals whose transcripts were so provided to Mr. Wewee.

### Procedural History

The Complaint in this matter was filed on April 19, 2000. It alleged one Count, improper disclosure of tax information in violation of 26 U.S.C. § 6103 and § 7431. At the time the Complaint was filed, Plaintiffs sought actual damages to be proved at trial, including punitive damages. The IRS answered the Complaint on July 7, 2000, admitting that the disclosures to Wewee `were unauthorized, but denying that the plaintiffs suffered actual compensatory damages as a result of the disclosures, and denying that its conduct was "willful or the result of gross negligence." The IRS further admitted that the plaintiff's were entitled to the statutory damages of $1,000.00 per person whose tax return information was wrongfully disclosed, reduced by the amount paid to any such individual in his or her administrative claim for damages. The representative plaintiffs have stipulated that they "did not suffer actual damages, as the term is used in 26 U.S.C. § 7431(c), as a result of the actions alleged in paragraphs 12–16 of the complaint."

### Discussion

Summary judgment should be granted pursuant to Federal Rule of Civil Procedure 56 only if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In ruling upon a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

### A. The IRS's Motion for Summary Judgment

■ The IRS asserts two arguments in favor of summary judgment. First, that punitive damages are not awardable without actual damages. Second, and alternatively, that any award of punitive damages will necessarily be excessive.

In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the sum of -

(1) the greater of -

(A) $1,000.00 for each act of unauthorized inspection or disclosure of a return or return information with respect to which such defendant is found liable, or

(B) the sum of -

(i) the actual damages sustained by the plaintiff as a result of such unauthorized inspection or disclosure, **plus** (ii) in the case of a willful inspection or disclosure or an inspection of disclosure which is the result of gross negligence, punitive damages, **plus** . . . .

26 U.S.C. § 7431(c)(emphasis added). The IRS argues that because plaintiffs have stipulated that they have not suffered any actual damages, they are necessarily prevented from collecting any punitive damages.

This Court's interpretation of § 7431 is consistent with the IRS's position. There is no Ninth Circuit law on point, but the matter has been addressed in other Courts and there is Arizona authority related to punitive damages.

■ "The clear statutory language of section 7431(c) precludes the award of punitive damages in a case in which actual damages have not been shown." *See Barrett v. United States*, 917 F.Supp. 493, 504

(S.D.Tex.1995). The *Barrett* court reasoned that the very language and structure of the statute, the coupling of actual and punitive damages under subpart (1)(B) and the failure of the statutory damages provision in subpart (1)(A) to mention punitive damages, would logically mean that punitive damages are recoverable only when actual damages have been proved. *See id*; *see also Smith v. United States*, 730 F.Supp. 948, 955 (C.D.Ill.1990), *rev's on other grounds*, 964 F.2d 630 (7th Cir. 1992).

The aforementioned interpretation of the statute is consistent with the Arizona common law tort rule that punitive damages may not be awarded in the absence of actual damages. *See Saucedo v. Salvation Army*, 200 Ariz. 179, 24 P.3d 1274, 1280–81 (2001) ("This is precisely why our common law mandates that a plaintiff suffer actual damages as a result of the underlying tort before a claim of punitive damages can be entertained"); *see also Wyatt v. Wehmueller*, 167 Ariz. 281, 285, 806 P.2d 870 (1991) (a plaintiff must be entitled to actual damages before being entitled to punitive damages); *Hyatt Regency Phoenix Hotel Company v. Winston & Strawn*, 184 Ariz. 120, 131, 907 P.2d 506 (1995).

Plaintiffs rely on the Fourth Circuit decision in *Mallas v. United States* for the proposition that punitive damages may be awarded even if actual damages are not proven. 993 F.2d 1111, 1126 (4th Cir. 1993). "[A] taxpayer may recover punitive damages, even where his actual damages are zero..." *Id.* However, plaintiff's reliance on *Mallas* is misplaced because it is contrary to the well established principles of Arizona law set forth above.

Moreover, plaintiffs claim that Arizona adopted the *Mallas* decision in *Aloe Vera of America v. United States*. 128 F.Supp.2d 1235, 1247 (D.Ariz.2000). This representation is somewhat inaccurate. While it is true that *Aloe Vera* does reference *Mallas*, it is unrelated to the issue of applying punitive damages where no actual damages are present. *See id.* In *Aloe Vera* the Court, referring to *Mallas* stated, "[t]he Fourth Circuit held that the information disclosed to plaintiffs' investors was false information and that such false information constituted tax return information within the meaning of the statute. The Government argued that the letters to plaintiffs' investors were not tax return information. The Fourth Circuit disagreed." *Id.*

While the IRS's alternative argument is well-taken, with respect to punitive damages necessarily being excessive, in the interest of judicial economy this Court need not reach the merits.

### B. Plaintiff's Motion for Summary Judgment

██ As a threshold matter, it appears that plaintiff now seeks to amend the Complaint via Motion for Summary Judgment by arguing that statutory damages should be permitted and that they be set at $3,000.00 for each class member due to three alleged wrongful disclosures.[1]

According to plaintiffs, the first unlawful disclosure occurred when the Ogden, Utah IRS Service Center disclosed the retention registers to Shirley Turner, an IRS employee. The second occurred

---

1. Arguably, the plaintiffs should be precluded from receiving even statutory damages given that they were not pled in the Complaint. Even though plaintiffs could not have recovered both actual and statutory damages under § 7431, a plaintiff is permitted to pled alternative forms of relief. Fed.R.Civ.P. 8(e)(2).

Nonetheless, because the IRS has admitted wrongdoing in the Answer and other pleadings, and most significantly, seeks judgment in the amount of statutory damages, this Court will consider imposition of statutory damages.

when Shirley Turner inspected the retention registers provided by the Ogden Service Center. The third occurred when Shirley Turner turned the retention registers over to Mr. Wewee.

The IRS argues that there was only one wrongful disclosure and it occurred when Shirley Turner provided the records to Mr. Wewee. This Court concurs with the IRS's position in this regard.

Most importantly, the Complaint does not plead any facts which would justify finding three wrongful disclosures. In the general allegations and in the only claim for relief, the plaintiffs merely refer to Shirley Turner's disclosure of the tax information to Mr. Wewee, "The IRS's improper and unauthorized disclosure to Mr. Wewee of tax return transcripts...violated 26 U.S.C. §§ 6103 and 7431." There is no mention of an alleged improper disclosure of information to Shirley Turner or her subsequent inspection of the documents.

Moreover, the Complaint does not request statutory damages as a prayer for relief let alone a request to have them multiplied three times. Instead, plaintiffs specified actual damages and punitive damages. "...[E]ach plaintiff suffered actual damages in a sum to be proved at trial...." "The IRS's improper and unauthorized disclosure...was willful...Therefore, plaintiffs are entitled to an award of punitive damages."

The remainder of plaintiffs' Motion for Summary Judgment argues for the imposition of punitive damages citing to various facts to support the alleged willful and grossly negligent conduct of Shirley Turner. The Court need not reach the merits in this regard. First, as indicated above, plaintiff's are not eligible for punitive damages where there are no actual damages suffered. Second, assuming in arguendo that plaintiffs would be permitted to recover punitive damages, the amount of said

damages is clearly a question of fact to be addressed by the jury.

## C. Fraijo & Caster's opposition to the IRS's Motion for Summary Judgment.

On October 4, 2001, this Court, after a lengthy and detailed explanation, ordered the removal of plaintiffs Caster and Fraijo as class representatives. The Order also removed Edmund Kahn as class counsel. At the time they were removed as class representatives Caster and Fraijo had the opportunity to bring their own independent action outside the class, represented by counsel of their choosing or become general class members represented by Norris Ganson. It appears they chose the latter. Nonetheless, Mr. Kahn, on behalf of Caster and Fraijo filed an "Opposition to defendant's Motion for Summary Judgment." As general class members represented by Mr. Ganson, any documents filed by Mr. Kahn on behalf of Caster and Fraijo are inappropriate. Similarly, in the event they chose to proceed outside of the class, represented by Mr. Kahn, any involvement in this particular litigation would be inappropriate.

Accordingly, the opposition will be stricken from the record. Moreover, Mr. Kuhn is advised, for a second time, that he is not class counsel and thus not permitted to participate in this litigation.

Based on the foregoing,

IT IS ORDERED that defendant IRS's Motion for Summary Judgment (**Doc. 118**) is GRANTED.

IT IS FURTHER ORDERED that because this Order disposes of all remaining issues, the Clerk of Court is to enter judgment in the amount of statutory damages provided in 26 U.S.C. § 7431(c)(1)(A), less the amounts already paid by the United States to such plaintiffs.

IT IS FURTHER ORDERED that plaintiffs' Motion for Summary Judgment (**Doc. 121**) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court is to strike from the record the Opposition to Motion for Summary Judgment filed by attorney Edmund Kahn (**Doc. 127**).

IT IS FURTHER ORDERED that the Clerk of Court is to supply Edmund Kahn with a copy of this Order but thereafter to remove him as an attorney of record in this matter.