

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN P. BOESEL, III, | No. 12-15043 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01039-TL |
| v. | |
| STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, a foreign corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Tim Leonard, Senior District Judge, Presiding

Argued and Submitted February 12, 2014
San Francisco, California

Before: TALLMAN and RAWLINSON, Circuit Judges, and RICE, District Judge.[**]

John Boesel, III (Boesel) challenges the entry of summary judgment in favor

of State Farm Fire and Casualty Insurance Company (State Farm).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Thomas O. Rice, United States District Judge for the Eastern District of Washington, sitting by designation.

**1.** Boesel contends that State Farm breached the insurance policy contract when it failed to pay him for losses he incurred in connection with the theft of certain jade pieces. To determine whether a breach of contract has occurred, "[w]e interpret an insurance policy according to its plain and ordinary meaning, examining it from the viewpoint of an individual untrained in law or business . . . ." *Desert Mountain Props. Ltd. P'ship v. Liberty Mut. Fire Ins. Co.,* 236 P.3d 421, 427 (Ariz. Ct. App. 2010) (citation omitted).

The insurance policy provides, in relevant part, that the "*policy is void* as to you and any other insured, if you or any other insured under this policy has intentionally concealed or misrepresented *any material fact* or circumstance relating to this insurance, whether before or after a loss." (Emphasis added). This language states a concealment or misrepresentation exclusion. *See Am. Pepper Supply Co. v. Fed. Ins. Co.*, 93 P.3d 507, 508 & n.2 (Ariz. 2004) (en banc). The record reflects that Boesel concealed the report from Elliot Glasser indicating that the two carvings had an estimated value of only $30,000. Because this omission impeded State Farm's ability to ascertain the authenticity and value of the jade items, State Farm permissibly invoked the concealment or misrepresentation exclusion to deny the claim. *See id.* at 511 (noting that an insurer proves a "concealment or misrepresentation exclusion is

met . . . [by showing] that the insured has materially misrepresented its claim or concealed evidence that would permit a fair resolution of its claim").

State Farm also denied the claim due to Boesel's non-cooperation. The insurance policy provides that after a loss, the insured must "prepare an inventory of damaged or stolen personal property[;]. . . provide us with records and documents we request and permit us to make copies; submit to and subscribe, while not in the presence of any other insured: (a) statements; and (b) examinations under oath; and produce employees, members of the insured's household or others for examination under oath to the extent it is within the insured's power to do so . . . ." This language requires the insured to cooperate with State Farm's investigation of the loss. *See Clark Equip. Co. v. Ariz. Prop. & Cas. Ins. Guar. Fund*, 943 P.2d 793, 801 & n.8 (Ariz. Ct. App. 1997). An insured's breach of a cooperation provision relieves an insurer of liability "*if* the insurer has been substantially prejudiced thereby. . . ." *Id.* at 802 (citations omitted) (emphasis in the original). The record evidence demonstrated that Boesel did not attempt to identify the author of the Certificate of Authenticity, and failed to provide State Farm with Edward Liu's contact information. These actions breached the duty to cooperate, and substantially prejudiced State Farm's ability to approximate the value of the claimed loss. *See Warrilow v. Superior Court*, 689 P.2d 193, 196-98 (Ariz. Ct. App. 1984) (holding that insured violated a

cooperation clause by failing to provide insurer with information that would aid the insurer in ascertaining its liability).

Boesel's failure to comply with the misrepresentation and cooperation provisions of the policy justified State Farm's denial of coverage. Therefore, the district court properly concluded that Boesel's breach of contract claim fails. *See Holt v. Utica Mut. Ins. Co.*, 759 P.2d 623, 627 (Ariz. 1988) (en banc) (noting that "an insured's breach of policy conditions . . . [may] be a defense to an action on the policy").

2. We also reject Boesel's bad faith claim. In Arizona, an insured alleging breach of the duty of good faith must show both that: (a) the insurer acted unreasonably in investigating, evaluating, or processing the claim and (b) either knew or was conscious of the fact that it acted unreasonably. *See Zilisch v. State Farm Mut. Auto. Ins. Co.,* 995 P.2d 276, 280 (Ariz. 2000) (en banc). Boesel failed to create a genuine issue of material fact that State Farm acted in bad faith.

The district court acted within its discretion in excluding the expert report proffered by Boesel. *See Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058-60 (9th Cir. 2008) (noting that a district court may exclude expert testimony that largely consists of legal conclusions). In addition, none of the conduct identified by Boesel suggests that State Farm acted unreasonably under these facts.

So long as there is a legitimate question of coverage, denial of a claim, without more, does not give rise to a bad faith claim. *See Desert Mountain Props.*, 236 P.3d at 442-43. Accordingly, the district court properly entered summary judgment on Boesel's bad faith claim.

**3.** The district court properly rejected Boesel's request for punitive damages. In order to obtain punitive damages, Boesel must first show the commission of an underlying tort. *See Saucedo v. Salvation Army*, 24 P.3d 1274, 1277 (Ariz. Ct. App. 2001). Because Boesel's underlying breach of contract and breach of the duty of good faith and fair dealing claims fail, he has no basis upon which to seek an award of punitive damages.

**4.** In its answering brief, State Farm requested an award of fees and costs. However, Ninth Circuit Rule 39-1 requires that such requests be made by way of a verified bill of costs and a separate request for attorney fees.

**AFFIRMED**.